FILED

2021 Mar-29  AM 10:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| KIMBERLY MEDDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 4:19-cv-01394-SGC |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION, Commissioner, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION[1]

The plaintiff, Kimberly Medders, appeals from the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").  Medders timely pursued and exhausted her administrative remedies, and the Commissioner's decision is ripe for review pursuant to 42 U.S.C §§ 405(g) and 1383(c)(3).  For the reasons discussed below, the Commissioner's decision is due to be affirmed, and Medders' motion to remand (Doc. 15) is due to be denied.

## I. Procedural History

Medders has at least a high school education and previously has been

---

[1] The parties have consented to the exercise of full dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c).  (Doc. 8).

employed as a small parts assembler.  (Tr. at 20).  In her applications for DIB and SSI, Medders alleged she became disabled on September 9, 2016, due to a variety of physical and mental impairments.  (*Id.* at 127-28, 144-45).  After her claims were denied, Medders requested a hearing before an Administrative Law Judge ("ALJ").  (*Id.* at 11).  Following a hearing, the ALJ denied Medders' claims.  (*Id.* at 8-25).  Medders was fifty-one years old when the ALJ issued the decision.  (*Id.* at 20, 22).  After the Appeals Council denied review of the ALJ's decision (*id.* at 1-7), that decision became the final decision of the Commissioner, *see Frye v. Massanari*, 209 F. Supp. 2d 1246, 1251 (N.D. Ala. 2001) (citing *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)).  Thereafter, Medders commenced this action.  (Doc. 1).

She also filed one or more additional applications for disability benefits.  (*See* Doc. 15-1).  On August 26, 2020, Medders received a notice from the SSA that it had determined she meets the medical requirements for disability and was in the process of determining whether she meets the non-medical requirements.  (Doc. 15-1).  This notice established June 1, 2019, as the onset date of Medders' disability.  (*Id.* at 3).  Upon receipt of the notice, Medders filed a motion to remand this case.  (Doc. 15).  Unless otherwise noted, the discussion that follows pertains to Medders' first applications for DIB and SSI.

## II. Statutory and Regulatory Framework

To establish eligibility for disability benefits, a claimant must show "the

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 416(i)(1)(A), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). Furthermore, a claimant must show she was disabled between her alleged initial onset date and her date last insured. *Mason v. Comm'r of Soc. Sec.*, 430 F. App'x 830, 831 (11th Cir. 2011) (citing *Moore v. Barnhart*, 405 F.3d 1209, 1211 (11th Cir. 2005); *Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir. 1979)). The Social Security Administration ("SSA") employs a five-step sequential analysis to determine an individual's eligibility for disability benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." *Id.* at §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in substantial gainful activity, the Commissioner will find the claimant is not disabled. *Id.* at §§ 404.1520(a)(4)(i) and (b), 416.920(a)(4)(i) and (b). At the first step, the ALJ determined Medders meets the SSA's insured status requirements through December 31, 2021, and has not engaged in substantial gainful activity since September 9, 2016, the alleged onset date of her disability. (Tr. at 14).

If the claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe

physical or mental impairment or combination of impairments that has lasted or is expected to last for a continuous period of at least twelve months.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant does not have a severe impairment or combination of impairments, the Commissioner will find the claimant is not disabled.  *Id.* at §§ 404.1520(a)(4)(ii) and (c), 416.920(a)(4)(ii) and (c).  At the second step, the ALJ determined Medders has the following severe impairments: fibromyalgia; depressive, bipolar, and related disorders; anxiety and obsessive-compulsive disorders; personality and impulse-control disorders; trauma stressor disorders; chronic back pain; neuropathy; chronic obstructive pulmonary disease ("COPD"); status post left ankle surgery; cervical disc degeneration; osteoarthritis; prescription substance abuse; and rule out borderline intellectual functioning.  (*Id.* at 14).

If the claimant has a severe impairment or combination of impairments, the Commissioner must then determine whether the impairment or combination of impairments meets or equals one of the "Listings" found in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the claimant's impairment or combination of impairments meets or equals one of the Listings, the Commissioner will find the claimant is disabled.  *Id.* at §§ 404.1520(a)(4)(iii) and (d), 416.920(a)(4)(iii) and (d).  At the third step, the ALJ determined Medders does not have an impairment or combination of impairments

4

that meets or medically equals the severity of one of the Listings.  (Tr. at 14-16).

If the claimant's impairment or combination of impairments does not meet or equal one of the Listings, the Commissioner must determine the claimant's residual functional capacity ("RFC") before proceeding to the fourth step.  20 C.F.R. §§ 404.1520(e), 416.920(e).  At the fourth step, the Commissioner will compare an assessment of the claimant's RFC with the physical and mental demands of the claimant's past relevant work.  *Id.* at §§ 404.1520(a)(4)(iv) and (e), 416.920(a)(4)(iv) and (e).  If the claimant is capable of performing her past relevant work, the Commissioner will find the claimant is not disabled.  *Id.* at §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Before proceeding to the fourth step, the ALJ determined Medders has the RFC to perform a limited range of light work.  (Tr. at 16-20).[2]  At the fourth step, the ALJ determined Medders is not able to perform her past relevant work as a small parts assembler.  (*Id.* at 20).

If the claimant is unable to perform her past relevant work, the Commissioner must finally determine whether the claimant is capable of performing other work that exists in substantial numbers in the national economy in light of the claimant's

---

[2] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and may require "a good deal of walking or standing . . . or . . . involve[] sitting most of the time with some pushing and pulling of arm or leg controls."  20 C.F.R. §§ 404.1567(b), 416.967(b).

5

RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(a)(4)(v) and (g)(1), 416.920(a)(4)(v) and (g)(1).  If the claimant is capable of performing other work, the Commissioner will find the claimant is not disabled.  *Id.*  at §§ 404.1520(a)(4)(v) and (g)(1), 416.920(a)(4)(v) and (g)(1).  If the claimant is not capable of performing other work, the Commissioner will find the claimant is disabled.  *Id.* at §§ 404.1520(a)(4)(v) and (g)(1), 416.920(a)(4)(v) and (g)(1).

At the fifth step, considering Medders' age, education, work experience, and RFC, the ALJ determined there are jobs existing in significant numbers in the national economy that Medders can perform, such as those of stocker and mail sorter. (Tr. at 20-21).  Therefore, the ALJ concluded Medders is not disabled.  (*Id.* at 21-22).

## III. <u>Standard of Review</u>

Review of the Commissioner's decision is limited to a determination of whether that decision is supported by substantial evidence and whether the Commissioner applied correct legal standards.  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  A district court must review the Commissioner's findings of fact with deference and may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).  Rather, a district court must

"scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (internal citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.* A district court must uphold factual findings supported by substantial evidence, even if the preponderance of the evidence is against those findings. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

A district court reviews the Commissioner's legal conclusions *de novo*. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## IV. <u>Discussion</u>

On appeal, Medders asserts three errors: (1) the ALJ did not analyze her fibromyalgia properly under SSR 12-2p, (2) the ALJ relied on testimony of the vocational expert that was based on an inaccurate statement of Medders' impairments and limitations, and (3) the Appeals Council erred in denying review of the ALJ's decision. (Docs. 10, 13).

In her motion to remand, Medders seeks further consideration by the Commissioner under sentence four of § 405(g) based on the third argument articulated above. (Doc. 15). She also seeks remand under sentence six of § 405(g) based on the August 26, 2020 notice finding she meets the medical requirements for disability as of June 1, 2019, which she argues constitutes newly discovered evidence that should be considered by the Commissioner with respect to her first applications for DIB and SSI. (Doc. 15; *see also* Doc. 18).

### A.    Fibromyalgia Analysis

SSR 12-2p provides SSA factfinders with guidance for evaluating fibromyalgia in the context of a disability claim. *See* SSR 12-2p, 2012 WL 3104869 (July 25, 2012). Under the ruling, an ALJ first determines whether a claimant has a medically-determinable impairment of fibromyalgia and, if so, second assesses the intensity and persistence of the fibromyalgia. After determining both that a claimant has fibromyalgia and that the fibromyalgia is of a certain intensity, an ALJ considers the fibromyalgia in the sequential evaluation process to determine whether the claimant is disabled. *See id.*; *Sorter v. Soc. Sec. Admin., Comm'r*, 773 F. App'x 1070, 1073 (11th Cir. 2019) (discussing SSR 12-2p); *Corrente v. Berryhill*, 2020 WL 5639949, at *2-3 (S.D. Fla. Sept. 22, 2020) (same).

Here, the ALJ determined Medders' fibromyalgia is a medically-determinable impairment that significantly limits her ability to perform basic work activities and

considered that severe impairment in the five-step sequential analysis.  Although he concluded Medders' fibromyalgia was not disabling, the ALJ did account for Medders' complaints associated with her fibromyalgia in formulating her RFC.  (Tr. at 14, 19).  The undersigned has identified no error committed by the ALJ in analyzing Medders' fibromyalgia under SSR 12-2p or applicable case law.

Notably, Medders has failed to identify any error committed by the AJL in analyzing her fibromyalgia, either.  Her assertion the ALJ did not analyze her fibromyalgia properly under SSR 12-2p is wholly conclusory.  While she cites SSR 12-2p and quotes extensively from several cases addressing fibromyalgia analyses in the social security context, she fails to articulate any substantive argument as to why the fibromyalgia analysis conducted by the ALJ in this case was in error.  (*See* Doc. 10 at 27-33; Doc. 13 at 7-10).  The Commissioner argues Medders' failure to tie the authority she supplies to any alleged error by the ALJ constitutes abandonment of the issue.  (Doc. 12 at 6-7).  While the undersigned declines to deem the issue abandoned, she takes the Commissioner's argument as an opportunity to note Medders' initial and reply briefs lack any substantive development of the issue and limits discussion of the issue to the foregoing.

### B.    Hypothetical Posed to Vocational Expert

An ALJ may use a vocational expert to determine whether there are jobs existing in significant numbers in the national economy that a claimant can perform.

*See Wolfe v. Chater*, 86 F.3d 1072, 1077-78 (11th Cir. 1996) (articulating circumstances under which an ALJ typically uses a vocational expert); *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (same).  A vocational expert is "an expert on the kinds of jobs an individual can perform based on his or her capacity and impairments." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004).  For a vocational expert's testimony to constitute substantial evidence supporting an ALJ's determination there are other jobs a claimant can perform, the ALJ must pose a hypothetical question to the vocational expert that includes all the claimant's impairments.  *Wilson*, 284 F.3d at 1227; *see also McSwain v. Bowen*, 814 F.2d 617, 619-20 (11th Cir. 1987) (holding ALJ's determination claimant could do other work was supported by substantial evidence where vocational expert identified two jobs that would accommodate an individual possessing claimant's skills, impairment, and limitation).  An ALJ is not required to include findings in a hypothetical that he has properly rejected as unsupported.  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004); *see also McSwain*, 814 F.2d at 620 n.1 (holding ALJ did not err in failing to include in hypothetical restrictions based on epilepsy and depression where claimant testified his epilepsy was substantially controlled by medication and did not present substantial medical evidence of depression).

Here, the testimony of the vocational expert on which the ALJ relied for his determination there are other jobs Medders can perform was elicited by way of a

10

hypothetical question that included all of Medders' impairments.  Specifically, the ALJ asked the vocational expert whether jobs exist that would accommodate an individual of Medders' age, possessing Medders' education and work experience, and restricted to the same limited range of light work of which the ALJ found Medders capable.  (Tr. at 16, 119-22).  The vocational expert responded in the affirmative, identifying stocker and mail sorter as jobs such a hypothetical individual could perform.  (*Id.* at 121-22).  Accordingly, there was no error in the hypothetical posed to the vocational expert by the ALJ, and the testimony the ALJ gave in response to that hypothetical constitutes substantive evidence supporting the ALJ's determination at step five of the sequential analysis.

Medders asserts the ALJ instead should have relied on the vocational expert's testimony elicited in response to a hypothetical question based on an individual who can perform only a limited range of sedentary work.  (Doc. 10 at 37; Doc. 13 at 13).  However, in formulating Medders' RFC, the ALJ determined Medders is capable of greater-than-sedentary exertion.  That determination is supported by substantial evidence, and the ALJ properly rejected allegations Medders possessed any greater work-related limitations.  Accordingly, the ALJ was not required to rely on testimony that was based on a hypothetical individual restricted to a limited range of sedentary work.

The undersigned notes substantive development of Medders' assertion of

error regarding the testimony of the vocational expert is lacking. Medders does not articulate why she believes the ALJ should have found her capable of no more than a limited range of sedentary work. (*See* Docs. 10 at 34-37; Doc. 13 at 10-13). Given this non-specificity, the undersigned limits her discussion of the issue to the foregoing and affirms she has reviewed thoroughly the ALJ's decision, the ALJ applied the proper legal standards at step five of the sequential analysis, and the determination made by the ALJ at that step is supported by substantial evidence.

## C.    Denial of Review by Appeals Council

Generally, a claimant may present new evidence at each stage of the administrative process. 20 C.F.R. §§ 404.900(b), 404.970, 416.1400(b), 416.1470; *Ingram*, 496 F.3d at 1261. The Appeals Council must consider "new, material, and chronologically relevant evidence" submitted by a claimant and must review a case if "the [ALJ's] action, finding, or conclusion is contrary to the weight of the evidence currently of record." *Ingram*, 496 F.3d at 1261.

Evidence is new if it is not merely cumulative of the evidence that was before the ALJ. *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986). Evidence is material if there is a reasonable probability it would change the administrative result. *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987). Evidence is chronologically relevant if it relates back to the period before an ALJ's decision. *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1322 (11th Cir. 2015). Whether evidence is

new, material, and chronologically relevant is a question of law subject to *de novo* review. *Id.* at 1321.  When the Appeals Council accepts additional evidence as new, material, and chronologically relevant but, nonetheless, denies review, "a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Ingram*, 496 F.3d at 1262.

In seeking review of the ALJ's decision, Medders submitted additional evidence to the Appeals Council.  Specifically, she submitted (1) records of treatment she received from Dr. Frank Spain Hodges, an orthopedic surgeon, between September and December 2015; (2) the results of tests she had performed at Valley Center for Nerve Studies and Rehab in March 2016; (3) the report of imaging performed on her lumbar spine in April 2016; (4) records of treatment she received from Dr. Morton S. Rickless, an orthopedic surgeon, between March and May 2016; (5) a record of treatment she received from Dr. Duane D. Tippets, an orthopedic surgeon, in August 2016; and (6) what appear to be portions of applications for private disability insurance benefits provided through Medders' former employer and completed by Dr. Hodges and Dr. Rickless.  (Tr. at 48-86). The Appeals Council found there was not a reasonable probability the evidence would change the administrative result and, as stated, denied review of the ALJ's decision.  (*Id.* at 1-2).

Medders contends that in denying review of the ALJ's decision the Appeals

Council did not show it had evaluated the additional evidence adequately but, rather, "perfunctorily adhered" to the ALJ's decision.  (Doc. 10 at 20-27; Doc. 13 at 4-7). She primarily relies on *Epps v. Harris*, 624 F.2d 1267 (5th Cir. 1980), to support this contention.  The Eleventh Circuit has held "[n]othing in . . . *Epps* . . . requires the Appeals Council to provide a detailed discussion of a claimant's new evidence when denying a request for review."  *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 783 (11th Cir. 2014).  The court reasoned that *Epps*, which involved the Appeals Council's affirmance of an ALJ's denial of benefits, is inapposite to a case involving the Appeals Council's denial of a request for review of an ALJ's decision.  *Id.*  The court further distinguished *Epps* from the case before it on the ground the record in *Epps* provided an affirmative basis for concluding the Appeals Council failed to evaluate the claimant's additional evidence – "the ALJ's denial of benefits [] was premised on the claimant's lack of radical treatment" and, thus, "it was [] apparent from the record that when the Appeals Council affirmed the ALJ's decision, it failed to consider the claimant's post-hearing evidence demonstrating he had recently been referred for consideration of radical invention" – while the record in *Mitchell* provided no such basis.  *Id.* at 783-84.

The Eleventh Circuit has reaffirmed its holding in *Mitchell* on numerous occasions and clarified the holding is not limited to situations where additional evidence submitted to the Appeals Council is cumulative or not chronologically

relevant.  *See, e.g., Beavers v. Soc. Sec. Admin.*, 601 F. App'x 818, 821-22 (11th Cir. 2015); *Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 852-53 (11th Cir. 2015); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 935-36 (11th Cir. 2015); *Sorter*, 773 F. App'x at 1072.

Here, the Appeals Council specifically identified the additional evidence submitted by Medders and explicitly stated it found there was not a reasonable probability the evidence would change the administrative result.  (Tr. at 2).  Under the binding authority of *Mitchell*, nothing more was required.  As in *Mitchell*, the procedural context of this case is distinct from the procedural context of *Epps* insofar as it involves the denial of a request for review.  Moreover, as in *Mitchell*, nothing in the administrative record provides a basis for doubting the Appeals Council reviewed and evaluated the additional evidence, providing further distinction from *Epps*.  This conclusion is reinforced by the further determination, discussed below, that the additional evidence is not material and does not render the denial of benefits erroneous.  *See Beavers*, 601 F. App'x at 822 (holding nothing in administrative record provided basis for concluding Appeals Council did not consider claimant's additional evidence because none of the additional evidence directly undermined ALJ's stated rationale for his decision).

All of the additional evidence predates Medders' alleged onset date of disability.  (Tr. at 49-86).  The evidence consists largely of records of treatment

Case 4:19-cv-01394-SGC   Document 19   Filed 03/29/21   Page 16 of 20


Medders received for neck, back, leg, and ankle pain, as well as numbness and tingling in her legs and feet. (Tr. at 49-86). These are symptoms of the severe physical impairments from which the AJL determined Medders suffers and for which he accounted in formulating Medders' RFC. (Tr. at 14, 16-20). Nothing in the records suggests the impairments caused Medders functional limitations greater than those assessed and accounted for by the ALJ. *See Atha*, 616 F. App'x at 936 (holding Appeals Council did not err in denying review because additional evidence regarding claimant's physical impairments did not indicate claimant was more limited than reflected in ALJ's RFC assessment). The undersigned further notes that notwithstanding Medders' continued complaints of pain, the records document no more than conservative treatment of the pain with prescription medication, epidural steroid injections, and physical therapy, with Dr. Hodges explicitly noting he found no need for surgical intervention. (Tr. at 49-59, 71-78, 85-86). The conservative nature of a claimant's treatment weakens her claim she is disabled. *Draughon v. Comm'r, Soc. Sec. Admin.*, 706 F. App'x 517, 520 (11th Cir. 2017); *see also Doig v. Colvin*, 2014 WL 4463244, at *4 (M.D. Fla. Sept. 10, 2014) ("The meaning of 'conservative treatment' is well known; it includes any mode of treatment which is short of surgery. Treatment with medication, whether prescribed or over-the-counter, and steroid injections is still conservative treatment, i.e., not surgery.").

The portion of the application for private disability insurance benefits

provided through Medders' former employer and completed by Dr. Hodges opined Medders' back and leg pain prevented her from working between November 9, 2015, and December 9, 2015, a discrete period of time predating Medders' onset date of disability by almost one year.   (Tr. at 60-61).   The portion of the application completed by Dr. Rickless on March 31, 2016, opined Medders' back and leg pain prevented her from working as of March 24, 2016.   (*Id.* at 67-68).   However, Medders continued to work until September 9, 2016, and did not allege she became disabled any sooner than that date.   (*Id.* at 92, 127, 132, 144, 299).

Given the foregoing, the additional evidence is not material and does not render the denial of benefits erroneous.   Consequently, there is no basis for finding error on the part of the Appeals Council.   The undersigned notes Medders provides no substantive argument why she believes the additional evidence she submitted to the Appeals Council is material and renders the denial of benefits erroneous.   (*See* Doc. 10 at 20-27; Doc. 13 at 4-7).   The undersigned declines to deem the issue abandoned, as the Commissioner urges (Doc. 12 at 16-17), but limits discussion of the issue to the foregoing.

### D.   Motion to Remand

When a district court concludes the Commissioner's decision is not supported by substantial evidence or that the Commissioner incorrectly applied the law relevant to a disability claim, it remands the case pursuant to sentence four of 42 §

U.S.C. 405(g).  By contrast, sentence six of § 405(g) permits a district court to remand a case to the Commissioner for consideration of newly discovered evidence. *See Arnold v. Soc. Sec. Admin., Comm'r*, 724 F. App'x 772, 781 (11th Cir. 2018) (discussing the two methods of remand under § 405(g)) (citing *Ingram*, 496 F.3d at 1261; *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996)).  Medders' request for remand pursuant to sentence four is due to be denied because the undersigned has rejected in the discussion above the assertion of error on which the request is based.  For the reasons discussed below, her request for remand pursuant to sentence six is due to be denied, as well.

The Eleventh Circuit has held a later favorable decision is not evidence for purposes of remand pursuant to sentence six of § 405(g).  *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015).  In *Hunter*, the claimant's first application for disability insurance benefits was denied by a decision finding she was not disabled on or before February 10, 2012, while the claimant's second application was granted by a decision finding she was disabled as of February 11, 2012.  *Id.* at 820.  Although the Eleventh Circuit acknowledged the decisions were "seemingly irreconcilable," it concluded that in light of the deferential standard applied to review of an ALJ's decision, "there is no inconsistency in finding that two successive ALJ decisions are supported by substantial evidence even when those decisions reach opposing conclusions."  *Id.* at 822.  More specifically, it reasoned:

> Faced with the same record, different ALJs could disagree with one another based on their respective credibility determinations and how each weighs the evidence. Both decisions could nonetheless be supported by evidence that reasonable minds would accept as adequate. Because of that possibility, the mere existence of a later favorable decision by one ALJ does not undermine the validity of another ALJ's earlier unfavorable decision or the factfindings upon which it was premised.

*Id.*

Consistent with *Hunter*, the August 26, 2020 SSA notice alone does not constitute newly discovered evidence warranting remand of this case. In her motion to remand, Medders cites *Lindsey v. Comm'r of Soc. Sec.*, in which the Eleventh Circuit noted that while a subsequent favorable decision is not newly discovered evidence, the evidence supporting a subsequent favorable decision may constitute newly discovered evidence. 741 F. App'x 705, 710 (11th Cir. 2018). However, Medders identifies no evidence underlying the August 26, 2020 SSA notice that was not considered in the course of adjudicating her first applications for DIB and SSI. (*See* Docs. 15, 18). Accordingly, *Lindsay* is inapplicable here. Medders also notes that after adopting the Eleventh Circuit's holding in *Hunter*, the Middle District of Pennsylvania concluded "the soundness of the *Hunter* analysis does not conflict with a directive that extra scrutiny of the record upon remand is warranted in a case where remand is required because the reviewing court determines that the earlier decision is not based on substantial evidence." *Blum v. Berryhill*, 2017 WL 2463170, at *12 (M.D. Pa. June 7, 2017). *Blum* does not help Medders because the undersigned has

determined the ALJ's decision in this case *is* supported by substantial evidence. Regardless, a decision of the Middle District of Pennsylvania is not binding precedent in this district court.

## V.   **Conclusion**

Having reviewed the administrative record and considered all the arguments presented by the parties, the undersigned finds the Commissioner's decision is due to be **AFFIRMED** and the plaintiff's motion to remand (Doc. 15) is due to **DENIED**.  A separate order will be entered.

**DONE** this 29th day of March, 2021.

STACI  G.  CORNELIUS
U.S. MAGISTRATE JUDGE